First School District *v.* Eighth School District.

time beyond which the cross-examination of the defendant as to credit should not go ; but whether, under the circumstances of this case, the limitation as to time which the court imposed upon the plaintiff was a reasonable one may well admit of doubt ; we incline to think it was not. The discretion vested in the trial court as to the limits of cross-examination as to credit, is of necessity a very wide one, and should be interfered with only in cases where it has been clearly abused. Should there be a retrial of this case we think we have here said enough to guide the trial court in the exercise of its discretionary power over the right to cross-examine witnesses as to credit.

There is error and a new trial is granted.

In this opinion the other judges concurred.

---

FIRST SCHOOL DISTRICT OF THE TOWN OF GROTON *vs.*
EIGHTH SCHOOL DISTRICT ET AL.

Second Judicial District, Norwich, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In reviewing the action taken by a town in respect to uniting or dissolving its school districts, the Superior Court is invested by statute with the same powers that the town itself had (General Statutes, §§ 2175, 2181), and therefore the question whether such action shall be modified or reversed is essentially one of fact addressed to the sound discretion of that court.

In the present case the trial court, although apparently of the opinion that the educational interests of the two school districts involved would be best subserved by consolidation, provided a primary school was permanently maintained in one of them, nevertheless declined to reverse or modify the action of the town, which was in favor of separate districts. *Held* that the record failed to disclose any abuse of the court's discretion, or any error in matters of law.

Argued April 25th—decided June 9th, 1905.

APPLICATION in the nature of an appeal from the action of the town of Groton in dissolving the First School District and forming therefrom two school districts, brought to and tried by the Superior Court in New London County, *George W. Wheeler, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff.    *No error.*

*Hadlai A. Hull* and *William E. Joseph*, for the appellant (plaintiff).

*William J. Brennan*, with whom were *John C. Geary* and *Ralph H. Denison*, for the appellees (defendants).

TORRANCE, C. J.    Prior to the 19th day of August, 1903, there were two school districts in the town of Groton, one called the first, and the other the eighth, school district. On the 19th day of August, 1903, that town, at a meeting called for that purpose, passed a resolution annexing the eighth school district to the first school district and abolishing said eighth district, and calling the new or consolidated district the First School District of Groton.    This resolution was carried by a vote of 26 to 19.    At a second town-meeting held on the 16th day of September, 1903, an attempt was made to repeal said resolution of August 19th and re-establish the districts consolidated as they had existed before August 19th, 1903 ; but a resolution to that effect was defeated by a vote of 54 to 48.    On October 21st, 1903, a third town-meeting was held and a resolution passed by a vote of 199 to 83, rescinding said resolution of August 19th, and dissolving said consolidated district and re-establishing the first and eighth school districts as they had existed prior to August 19th, 1903.

For the sake of brevity the first school district as it now exists will hereinafter be called the first school district, while the district formed by the resolution of August 19th aforesaid will be called the consolidated district.    From the action of the town at said meeting of October 21st both the first school district and the consolidated district took an appeal

to the Superior Court, making the town and the eighth district defendants, and that court having dismissed that proceeding, the present appeal from that judgment was taken.

The law under which the plaintiff applied to the Superior Court provides that "said court shall have the same powers to act upon said application that said town had " (General Statutes, § 2182); and by law each town has power " to form, unite, alter, and dissolve school districts and parts of school districts within its limits." General Statutes, § 2175. Under this grant of power the town may act, or it may take no action as the case may be, and any district aggrieved " by the action or neglect of action of the town may appeal from such action or neglect of action to the Superior Court." General Statutes, § 2181.

The facts found by the court may be summarized as follows : The taxable property in the consolidated district is $1,400,000, of which $1,000,000 is in the first district. The school property in the first district is worth about $16,000, and the school buildings and equipment are in reasonably good condition. Its indebtedness was small. The school property in the eighth district is worth about $1,750, and said district has no indebtedness. Its school building and equipment are in good condition and reasonably adapted and sufficient for a school in that district. Consolidation would decrease the school tax of the first district and add to the school tax of the eighth district. " This is the principal motive behind the advocacy and opposition found in this case." The number of children in the consolidated district of school age on the first Monday of October, 1903, was 491, of which number 430 are in the first district and about 60 in the eighth district. For several years prior to August 19th, 1903, there were a number of children residing in the eighth district who attended the schools of the first district, paying the tuition of $2 a term. The attendance at school in the eighth district has been for years very poor ; the interest of the people in the school has been poor, and supervision has been neglected. The schools

of the first district have for years been graded schools, consisting of eight grades, well kept and well taught. The school accommodations in the first district, under consolidation, especially in the primary department, would be crowded and further accommodations would shortly have to be provided. The attendance at the eighth school district has been small but increasing in recent years. The sentiment of the town is pronouncedly against consolidation. Between August 19th and October 21st, 1903, there was no school at Eastern Point in the eighth district. A primary school at Eastern Point is a necessity, and ought always to be maintained for the younger children of the eighth district. "The best educational interests of the eighth district would be subserved by consolidation conditioned upon the permanent maintenance of a primary school at Eastern Point substantially in the location of the eighth school district. Consolidation without a primary school at Eastern Point would be an evil. Consolidation with a primary school at Eastern Point would be a benefit. The consolidated district incurred no increased expense by reason of the consolidation." No property rights of the first district have been invaded. Children of any district, of advanced standing, may now, by vote of the town of Groton, attend the schools of any other district in said town free of charge.

Upon these facts the trial court refused to set aside or modify the action of the town, taken at its meeting of October 21st, 1903, and dismissed the appeal. Upon this appeal the plaintiff claims, in substance and effect: (1) that the trial court has in effect found that consolidation of the first and eighth districts, provided a primary school is kept at Eastern Point, would be a real benefit to the educational interest of both districts and the town; and (2) that having so found that court committed an error in law in not rendering judgment as prayed for in the complaint. Granting, without deciding, that the first of these claims is correct, it does not necessarily follow that the second is correct. In cases like the one at bar a wide discretion is of necessity vested in the Superior Court; and in

such cases the question whether the court should or should not reverse or modify the action of the town, is essentially one of fact addressed to the sound discretion of the court. The question primarily before us in this case is not whether the action of the town should be reversed, but whether the trial court in refusing to reverse that action erroneously or unwisely exercised the wide discretion vested in it by the statute. *Murdoch, State's Attorney,* v. *Elliot,* 77 Conn. 247, 255. Upon this record it does not appear that the trial court in dismissing the appeal either abused the discretion reposed in it, or acted erroneously as matter of law.

The two rulings upon evidence of which the plaintiff complains were clearly correct, but are not important enough to warrant discussion.

In the view we have taken of this case we deem it unnecessary to discuss the question raised in the bill of exceptions, as to the jurisdiction of the Superior Court in cases like the present. For the purposes of this case we assume, without deciding, that the trial court had jurisdiction of the appeal.

There is no error.

In this opinion the other judges concurred.